Carl DRONE *v.* STATE of Arkansas

90-132                                    798 S.W.2d 434

Supreme Court of Arkansas
Opinion delivered November 12, 1990

*William R. Simpson, Jr.*, Public Defender, by: *Ted*

*Thomas*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Sandra Bailey Moll*, Asst. Att'y Gen., for appellee.

DALE PRICE, Justice. The issue on appeal is whether the probate court lost jurisdiction to commit the appellant, Carl Drone, to the Arkansas State Hospital due to the failure of the Arkansas Department of Human Services (ADHS) to file a psychiatric or psychological report within thirty days following the entry of the appellant's order of acquittal. We cannot address the argument on its merits because a deficiency in the record precludes our review. Accordingly, we affirm the probate court's order of commitment.

Ark. Code Ann. § 5-2-314 (Supp. 1989) provides in part:

(a)(1) When a defendant is acquitted on the ground of mental disease or defect, the circuit court shall determine whether the offense involved bodily injury to another person or serious damage to the property of another or involved a substantial risk of such injury or damage. The circuit court shall then order the defendant committed to the custody of the Director of the Department of Human Services for an examination by a psychiatrist or a licensed psychologist.

(2) The Director of the Department of Human Services shall file the psychiatric or psychological report with a probate court having jurisdiction within thirty (30) days following entry of order of acquittal. A hearing shall be conducted by the probate court or by a referee or the magistrate as provided in subsections (c) and (d) of this section, and shall take place not later than ten (10) days following the filing of the report with the probate court.

The record reflects the appellant moved to dismiss the petition at his commitment hearing on the basis he was acquitted on December 1, 1989, and an ADHS report was not filed within thirty days. The probate court responded as follows:

The Court: All right. I'll tell you what I'm going to do. At this point — I am well aware of other legislation which is drafted in the same way, and there's no — there is no

remedy set out for failure to comply with the Act. What I'm going to do is take that issue under advisement, and what I'd like for you to do is give me some further information. And if it appears that dismissal is the proper action for the Court to take, then certainly I will do so at some point. But at this time I am going to ask that you go forward with your proof.

The record contains the report of ADHS dated February 21, 1990, proceedings of the commitment hearing conducted on February 26, 1990, and an order of commitment filed March 1, 1990. It does not, however, contain the circuit court's order of acquittal. We cannot address the appellant's argument on its merits without a record of the order of acquittal. It is well settled that an appellant must bring up a record sufficient to show the trial court was wrong. *Malone* v. *State*, 294 Ark. 376, 742 S.W.2d 945 (1988).

Even if we were not precluded by this omission, the appellant's argument has no merit inasmuch as he failed to obtain a ruling on his motion to dismiss. Objections and questions left unresolved are waived and may not be relied upon on appeal. *McDonald* v. *Wilcox*, 300 Ark. 445, 780 S.W.2d 17 (1989).

Affirmed.