Joe FRATESI *v*. Julian B. FOGLEMAN

CA 00-368 32 S.W.3d 38

Court of Appeals of Arkansas
Division I
Opinion delivered November 29, 2000

David C. Peeples, for appellant.

Rieves & Mayton, by: Donald A. Forrest, for appellee.

JOHN B. ROBBINS, Chief Judge. Appellant Joe Fratesi appeals a judgment of the Crittenden County Circuit Court in favor of appellee Julian B. Fogleman for the balance due on two promissory notes, plus interest and attorney's fees. Appellant asserts two points of error on appeal: (1) that the trial court erred in denying appellant's motion to dismiss, and (2) that the trial court erred in granting appellee's motion in limine and denying appellant's proposed jury instructions.

Appellee brought an action, as receiver, to recover unpaid monies due on two promissory notes executed by appellant and Charles Denton. The Crittenden County Probate Court had appointed Fogleman receiver for the estate of Rexford V. Wheeler, deceased, who was trustee of his and his sister's property. Prior to his death, Mr. Wheeler, as trustee for himself and his sister Ms. Waldrep, executed two two-year leases as lessor, under which certain farm lands were leased to appellant and Charles Denton, as lessees, for calendar years 1985 and 1986. Appellant and Denton both signed each lease. At the same time these leases were executed, appellant and Denton also executed promissory notes in amounts of $15,150 and $12,450, which corresponded to the lease payments due under each of the two leases. The parties subsequently agreed to a reduction of the rent and a credit to these promissory notes of $6,900. The notes matured on October 1, 1986, becoming due and payable on that date in the reduced sum of $20,700.

While it was alleged that there was an informal agreement among the parties that appellant and Denton were each only responsible for rent pertaining to the respective portions of the land that each farmed, the promissory notes reflected that appellant and Denton were jointly and severally liable for their payment. Appellant paid what he understood was his portion of the rent, and appellee sought the remainder from Denton, who failed to pay the balance. Appellee then made demand on both appellant and Denton, seeking the remainder of the monies due. Denton subsequently filed bankruptcy and recovery was no longer sought from him.

The balance remaining on the promissory notes was $7,739.25 when suit was filed on October 20, 1988. Appellant moved for dismissal, asserting that the six-month statute of limitations applicable to the statutory landlord's lien on crops, found in Ark. Code Ann. § 18-41-101 (1987), barred any recovery because of appellee's failure to pursue his lien. Appellant argued that appellee's failure to pursue his landlord's lien impaired the collateral, impaired the right to recover against Denton, and thus released appellant from his joint liability on the notes. Appellant alleges that the motion was denied.

Prior to trial, appellee submitted a motion in limine seeking to preclude appellant from introducing evidence on certain matters, including that pertaining to a landlord's lien. On the matter of a

landlord's lien, the court agreed with appellee and granted his motion. The case went on to trial, and appellant, appellant's wife, appellee, and an officer of a bank with whom Mr. Denton conducted loan business testified. Mr. Denton did not testify, having died before trial. At the close of the trial, appellant proffered jury instructions regarding the impairment of collateral securing a negotiable instrument and the statutory landlord's lien, to which appellee objected. The trial court agreed with appellee and they were not used. After deliberations, the jury returned a verdict against appellant in the amount of the unpaid balance, plus interest and attorney's fees. This appeal followed. We affirm.

### Denial of Motion to Dismiss

■ ■ Appellant first argues on appeal that the trial court erred in denying his motion to dismiss. Ordinarily, a motion to dismiss is filed by the defendant prior to filing his answer to the complaint. *See* Ark. R. Civ. P. 12. Here, appellant filed his motion to dismiss a year after he filed his answer. In his motion, he contended that appellee failed to act on a statutory lien in a timely manner such that the statute of limitations barred any action on the debt. Appellant acknowledges that the trial court made no written findings and entered no order denying the motion to dismiss; he instead asserts that the trial court announced an oral denial. There is no abstract of a ruling on this motion, orally or in writing. "It is axiomatic that the record on appeal is limited to what is abstracted, and the burden is clearly placed on the appealing party to provide an abstract sufficient for appellate review." *Anderson v. Holliday*, 65 Ark. App. 165, 171, 986 S.W.2d 116, 119 (1999). It is incumbent upon appellant to call his motion to the trial court's attention and obtain a ruling. *Flake v. Thompson*, 249 Ark. 713, 460 S.W.2d 789 (1970) (failure to obtain ruling on motion to dismiss not considered on appeal). Objections and questions left unresolved are waived and may not be relied upon on appeal. *See Drone v. State*, 303 Ark. 607, 798 S.W.2d 434 (1990); *McDonald v. Wilcox*, 300 Ark. 445, 780 S.W.2d 17 (1989). We do not consider this point on appeal because it is not preserved for our review.

■ Appellant alternatively argues that the trial court should have considered the pleadings available to it at the time and treated his motion to dismiss as one for summary judgment. Appellant is

correct, for though it appears to be a 12(b)(6) motion, because facts outside the complaint are argued, the trial court could have treated it as a motion for summary judgment pursuant to Ark. R. Civ. P. 56. *See* Ark. R. Civ. P. 12(b). Were we to accept appellant's alternative theory and consider that the motion to dismiss was treated by the trial court as a motion for summary judgment, it would not affect our decision because, first, as discussed above, the abstract does not reflect that the trial court ruled on it, and, second, we would be precluded from reviewing it on appeal because a denial of a motion for summary judgment is not appealable. *See Amalgamated Clothing & Textile Workers Int'l Union v. Earle Indus., Inc.*, 318 Ark. 524, 886 S.W.2d 594 (1994); *Daniels v. Colonial Ins. Co.*, 314 Ark. 49, 857 S.W.2d 162 (1993).

*Grant of Motion in Limine/Denial of Proffered Jury Instructions*

Appellant's second allegation of error concerns the disallowing of evidence regarding impairment of the collateral, *i.e.*, Denton's crop, and failure to perfect a landlord's lien in those crops, as delineated in Ark. Code Ann. § 4-3-606 (1987) entitled "Impairment of recourse or of collateral."[1] That statute read:

(1) The holder discharges any party to the instrument to the extent that without such party's consent the holder:

(a) Without express reservation of rights releases or agrees not to sue any person against whom the party has to the knowledge of the holder a right of recourse or agrees to suspend the right to enforce against such person the instrument or collateral or otherwise discharges such person, except that failure or delay in effecting any required presentment, protest, or notice of dishonor with respect to any such person does not discharge any party as to whom presentment, protest, or notice of dishonor is effective or unnecessary; or

(b) Unjustifiably impairs any collateral for the instrument given by or on behalf of the party or any person against whom he has a right of recourse.

(2) By express reservation of rights against a party with a right of recourse the holder preserves:

---

[1] This section was in effect when this cause of action was instituted but has since been repealed.

(a) All his rights against such party as of the time when the instrument was originally due; and

(b) The right of the party to pay the instrument as of that time; and

(c) All rights of such party to recourse against others.

Consistent with this ruling, the trial court likewise disallowed appellant's proffered jury instructions on a landlord's lien, perfection of that lien, and discharge of debts for failure to act on that lien.

Appellant argues on appeal that the trial court's ruling deprived him of applicable statutory defenses and was an abuse of discretion. Due to this abuse of discretion, appellant argues, the jury was deprived of evidence and instructions that might have led it to find that appellant was released from his obligations under the promissory notes. We disagree.

■ This statutory defense does not exist in this context for at least two reasons: First, the impairment of collateral provision addressed in § 4-3-606(1)(b) expressly applies to "collateral for the instrument." The "instrument" in the case before us is an unsecured promissory note. There was no collateral given to secure it. Second, the "collateral" referred to in § 4-3-606(1)(b) could not include the landlord's lien because such statutory liens are not covered by the applicable portions of the Uniform Commercial Code.

■ Chapter 3 of the Uniform Commercial Code as enacted in Arkansas is entitled, "Uniform Commercial Code—Negotiable Instruments." The statutory section that appellant argued that should apply, § 4-3-606, is part of Chapter 3, which has limitations on its applicability. The first subsection of Chapter 3 is § 4-3-103, which mandates that the provisions of Chapter 3 "are subject to the provisions of the chapters on bank deposits and collections (chapter 4 of this title) and secured transactions (chapter 9 of this title)." Chapter 9 is entitled, "Uniform Commercial Code—Secured Transactions." Arkansas Code Annotated section 4-9-102(2) states explicitly that this chapter does not apply to statutory liens except as provided in § 4-9-310, which concerns the priority of statutory liens and purchase money mortgage liens. Further, Arkansas Code Annotated section 4-9-104(b) and (c) state that this chapter does not apply to a landlord's lien or a lien given by statute. This is

precisely what appellant was asking the trial court to do — to invoke a statutory defense that was by the Code's terms clearly excluded.

 The trial court did not err in granting appellee's motion in limine. As a result, the issue with regard to the jury instructions becomes moot.

Affirmed.

HART and NEAL, JJ., agree.