Sherry CHILDERS *v.*
ARKANSAS DEPARTMENT of HUMAN SERVICES

05-30                                           205 S.W.3d 795

Supreme Court of Arkansas
Opinion delivered March 24, 2005

*Dale Arnold*, for appellant.

No response.

PER CURIAM. This case is an appeal from an order entered by the Sebastian County Circuit Court, Fort Smith District, Juvenile Division, on December 18, 2003, terminating the parental rights of Appellant Sherry Childers. Counsel appointed by the circuit court to represent Ms. Childers filed a timely notice of appeal on January 15, 2004, and an order extending the time to file the record until June 4, 2004, was entered by the circuit court. See Ark. R. App. P. – Civ. 5(b). The time granted for the extension passed, and the record was not timely filed with our clerk. See Ark. R. App. P. – Civ. 5(a) (2004). Eventually, on January 7, 2005, the Department of Human Services (DHS) filed a partial record along with its motion to dismiss the appeal. Ark. R. App. P. – Civ. 5(c) (2004). On February 3, 2005, we issued a per curiam, directing Ms. Childers's attorney to proceed with the appeal by (1) filing a no-merit brief, as established in *Linker-Flores v. Ark. Dept. of Human Services,* 359 Ark. 131, 194 S.W.3d 739 (2004); (2) filing an affidavit of waiver; or (3) filing an affidavit of indigency and a writ of certiorari to complete the record, pursuant to *Bogachoff v. Arkansas Dept. of Human Services,* 360 Ark. 259, 200 S.W.3d 884 (2005).

The complete record was tendered to the clerk on February 14, 2005. The fee bill for the record (prepared by the circuit clerk) indicates that the record was completed on April 16, 2004. The fee bill further indicates that the transcript costs, totaling $408.50, was to be paid by the State, and that the remaining $100.50, which represents the circuit clerk's fee, was "uncollectable." On February 22, 2005, Childers's attorney filed a motion to accept record and set briefing schedule. The motion does not indicate why the record was not secured from the circuit clerk and filed before the deadline, as extended, of June 4, 2004.

In the context of a belated appeal by an indigent-criminal defendant, we no longer require an affidavit of fault before we will decide motions for rule on the clerk and motions for belated appeals. *Moore v. State,* 359 Ark. 370, 197 S.W.3d 447 (2004). This court will either decide the matter of fault where the record is sufficient to reach a conclusion, or:

Where a motion seeking relief from failure to perfect an appeal is filed, and it is not plain from the motion, affidavits, and record whether there is attorney error, the clerk of this court will be ordered to accept the notice of appeal or record and the appeal will proceed without delay. However, the matter of attorney error will be remanded to the trial court to make findings of fact. Upon receipt by this court of the findings, this court will render a decision on attorney error.

*Moore v. State, supra* (quoting *McDonald v. State,* 356 Ark. 106, 146 S.W.3d 883 (2004). We have previously afforded indigent parents appealing from a termination of parental rights similar protections as those afforded indigent criminal defendants. *Bogachoff v. Arkansas Dept. of Human Services, supra; Linker-Flores v. Ark. Dept. of Human Services,* supra. Applying the *McDonald* principles to the present case, we conclude that the record is insufficient to decide the issue of fault, and we remand the question of attorney error to the trial court to make findings of fact and submit the findings to this court within the next sixty days. We further direct the clerk of this court to file the complete record and set a briefing schedule.

Motion granted; issue of attorney error remanded.