Crystal MOORE *v.*
ARKANSAS DEPARTMENT of HUMAN SERVICES

05-670 212 S.W.3d 1

Supreme Court of Arkansas
Opinion delivered September 8, 2005

*DeeNita Moak*, for appellant.

No response.

Per Curiam. Appellant Crystal Moore, by and through her attorney, has filed a motion for rule on clerk. Her attorney, DeeNita Moak, states in the motion that the record was tendered late due to a mistake on her part.

While this court has in the past denied such motions in parental-termination cases due to their civil nature, we recently recognized a parent's right to appeal from a termination order in *Linker-Flores v. Arkansas Dep't of Human Servs.*, 359 Ark. 131, 194 S.W.3d 739 (2004). We have further recognized an indigent parent's right to counsel on appeal. *See Linker-Flores v. Arkansas Dep't of Human Servs.*, 356 Ark. 369, 149 S.W.3d 884 (2004) (*per curiam*). In addition, we have allowed the payment of attorney's fees for an attorney who represented an indigent parent on appeal. *See Baker v. Arkansas Dep't of Human Servs.*, 340 Ark. 42, 8 S.W.3d 499 (2000). In *Baker*, we found that the principles that require the payment of attorney's fees for representing an indigent criminal defendant were applicable to termination cases as well. *See id.* Because of our prior decisions in these cases which afford indigent parents appealing from a termination of parental rights similar protections as those afforded indigent criminal defendants, we recently permitted the filing of an untimely record in a termination case using our procedure for a motion for rule on clerk by an indigent criminal defendant. *See Childers v. Arkansas Dep't of Human Servs.*, 361 Ark. 227, 205 S.W.3d 795 (2005) (*per curiam*).

This court clarified its treatment of motions for rule on clerk and motions for belated appeals in criminal cases in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There we said that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or, there is "good reason." 356 Ark. at 116, 146 S.W.3d at 891. We explained:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not

perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.*, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.*

 In accordance with *McDonald v. State, supra*, Ms. Moak has candidly admitted fault. The motion is, therefore, granted. A copy of this opinion will be forwarded to the Committee on Professional Conduct.

Motion granted.