## Donald TYLER  v.
## ARKANSAS DEPARTMENT of HEALTH
## & HUMAN SERVICES

06-473                                                    235 S.W.3d 901

Supreme Court of Arkansas
Opinion delivered May 18, 2006

*Glen Hoggard*, for appellant.

No response.

PER CURIAM. Appellant Donald Tyler, by and through his attorney, Glen Hoggard, has filed the instant motion for rule on clerk. Mr. Hoggard states in the motion that the record was tendered late due to a mistake on his part.

While this court has in the past denied such motions in parental-termination cases due to their civil nature, we have since recognized a parent's right to appeal from a termination order. *See, e.g., Linker-Flores v. Arkansas Dep't of Human Servs.*, 359 Ark. 131, 194 S.W.3d 739 (2004). We have further recognized an indigent parent's right to counsel on appeal. *See Linker-Flores v. Arkansas Dep't of Human Servs.*, 356 Ark. 369, 149 S.W.3d 884 (2004) *(per curiam)*.

Moreover, this court has recently permitted the filing of an untimely record in termination cases utilizing our procedure for motions for rule on clerk by indigent criminal defendants. *See Moore v. Arkansas Dep't of Human Servs.*, 363 Ark. 205, 212 S.W.3d 1 (2005) *(per curiam)*; *Childers v. Arkansas Dep't of Human Servs.*, 361 Ark. 227, 205 S.W.3d 795 (2005) *(per curiam)*. The impetus for this

change is our line of recent decisions that afford indigent parents appealing from a termination of parental rights similar protections as those afforded indigent criminal defendants. *See id.*

In *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004), this court clarified its treatment of motions for rule on clerk and motions for belated appeals in criminal cases. There, we stated that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or, there is "good reason." 356 Ark. at 116, 146 S.W.3d at 891. We further explained:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.* (footnote omitted). Consequently, even though we no longer require an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.*

In accordance with *McDonald*, 356 Ark. 106, 146 S.W.3d 883, Mr. Hoggard has candidly admitted fault. The motion for rule on clerk is, therefore, granted. A copy of this opinion will be forwarded to the Arkansas Supreme Court Committee on Professional Conduct.

Motion granted.