## NATIONAL HOME CENTERS, INC. *v.*
## FIRST ARKANSAS VALLEY BANK

05-1184                                    237 S.W.3d 60

Supreme Court of Arkansas
Opinion delivered June 15, 2006

*Laws & Murdoch, P.A.*, by: *Allen Laws*, for appellant.

*Joel Taylor, P.A.*, by: *Joel Taylor*, for appellee.

Tom Glaze, Justice. First Arkansas Valley Bank (FAVB) extended a construction loan to LTL&M Land Company,

Inc. (LTL&M). In return, Ted Alexander, the president and sole shareholder of LTL&M, signed a promissory note on the loan. In addition, Alexander executed a mortgage on a piece of property owned by LTL&M called Angel Acres. The signature on the promissory note indicated that Alexander was signing in his capacity as president of LTL&M. The signature on the mortgage did not include an acknowledgment that Alexander was acting on behalf of LTL&M. LTL&M was listed as the borrower on the mortgage; however, Alexander was listed as the grantor.

National Home Centers, Inc. ("National") sold and delivered materials to Alexander — doing business as Alexander Enterprises Inc. — for the construction of a single family dwelling on Angel Acres. National never received payment for its materials and was forced to file a materialman's lien on Angel Acres in the amount of $15,015.36. LTL&M, the undisputed owner of Angel Acres, was not listed on the lien.

On November 12, 2004, FAVB filed a foreclosure complaint naming LTL&M and National as parties. National answered the claim and denied that FAVB had a superior claim. In addition, National filed a cross-claim in an effort to foreclose on its materialman's lien.

On May 25, 2005, the trial court entered its "Findings of Fact and Conclusions of Law" and concluded that FAVB's mortgage and National's lien were both valid. The trial court also held that FAVB's mortgage was first in time and, therefore, superior to National's lien. That same day, the trial court entered a foreclosure decree against LTL&M awarding judgment to FAVB for $66,834.32 and to National for $16,515.36. The decree provided that Angel Acres was to be sold and the proceeds paid first to FAVB, then to National.

On June 17, 2005, after notice was published in the local newspaper, the property was sold at auction; the winning bidder was FAVB. Subsequent to the sale, on June 24, 2005, National filed a notice of appeal from the trial court's foreclosure decree. The notice of appeal was not accompanied by a motion to stay the sale or by a supersedeas bond. Also on June 24, 2005, a "Report of Sale" was filed by FAVB, followed by an "Order Confirming Sale" filed on June 28, 2005. FAVB did not send a copy of the "Report of Sale" or the "Order Confirming Sale" to National.

On July 25, 2005, FAVB filed a motion to dismiss National's appeal, claiming that the sale of the property made the appeal

moot. In response, National filed a motion to set aside the foreclosure sale based on lack of service and notice. The trial court denied both motions.

For its first point on appeal, National argues that the trial court erred in upholding the validity of FAVB's mortgage and finding that the mortgage was superior to National's materialman's lien. In support of this position, National claims that FAVB's mortgage is invalid because it was executed solely by Alexander, who did not include the proper acknowledgment.

Ark. Code Ann. § 18-12-207 (Repl. 2003) provides that for all mortgages executed by corporations, the form of acknowledgment shall be as follows:

State of .............................................................

County of .........................................................

On this .......... day of .........., 19..., before me, .........., a Notary Public, (or before any officer within this State or without the State now qualified under existing law to take acknowledgments), duly commissioned, qualified and acting, within and for said County and State, appeared in person the within named .......... and .........., (being the person or persons authorized by said corporation to execute such instrument, stating their respective capacities in that behalf), to me personally well known, who stated that they were the .......... and .......... of the .........., a corporation, and were duly authorized in their respective capacities to execute the foregoing instruments for and in the name and behalf of said corporation, and further stated and acknowledged that they had so signed, executed and delivered said foregoing instrument for the consideration, uses and purposes therein mentioned and set forth.

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal this .......... day of .........., 19....

That all deeds or instruments affecting or purporting to affect the title to land executed in the above and foregoing form shall be good and sufficient.

As noted above, the mortgage in question did not indicate that Alexander was signing on behalf of the corporation, nor did it contain an acknowledgment that complied with section 18-12-

207. Based on Alexander's failure to follow section 18-12-207, National argues that it was unclear whether Alexander was signing the mortgage in his individual capacity or on behalf of LTL&M. As a result, National contends that FAVB's mortgage is invalid and National's lien must prevail. We disagree.

The following facts conclusively show that Alexander was acting on behalf of LTL&M when he signed the mortgage with FAVB. First, in exchange for the mortgage, LTL&M received a construction loan for $75,129.50 indicating that the transaction was clearly for LTL&M's benefit; second, LTL&M is specifically listed on the mortgage as the borrower; third, the promissory note, which was executed on the same day as the mortgage, is signed by Alexander in his capacity as president of LTL&M; and finally, as president and sole shareholder of LTL&M, Alexander clearly had the authority to enter into the mortgage on the corporation's behalf.

We recognize that section 18-12-207 provides an acknowledgment template that is to be used on all mortgages executed on behalf of a corporation.[1] However, to invalidate FAVB's otherwise satisfactory mortgage based on the absence of a precise acknowledgment is illogical. This court will not interpret a statute to yield an absurd result that defies common sense. *See Nucor Corp. v. Kilman*, 358 Ark. 107, 186 S.W.3d 720 (2004); *Green v. Mills*, 339 Ark. 200, 4 S.W.3d 493 (1999). Given these facts, we hold that the trial court properly found that Alexander acted in his capacity as president of LTL&M when he entered into the mortgage with FAVB. As a result, we affirm the trial court's finding that FAVB's mortgage is valid and superior to National's lien.[2]

For its second point on appeal, National contends that the trial court erred in failing to set aside the foreclosure sale. Specifically, National argues that it did not receive proper notice of the foreclosure decree, the foreclosure sale, the report of sale, or the order confirming the sale. For these reasons, National asks that the sale be set aside. We lack jurisdiction to reach the merits of this argument.

---

[1] No Arkansas case has cited to this statute since 1930. *See Fidelity & Deposit Co. of Maryland v. Rieff*, 181 Ark. 798, 27 S.W.2d 1008 (1930).

[2] In light of this decision, we find that FAVB's cross-appeal, in which it argues that the trial court erred in failing to dismiss National's motion to set aside the foreclosure decree, is moot.

As previously noted, National filed a notice of appeal from the trial court's foreclosure decree. Following this decree, the sale was conducted, the report of sale was filed, and the trial court entered an order confirming sale. However, although National filed a motion to set aside the foreclosure sale, it never filed a notice of appeal from the order confirming sale.

This court has held that a sale may only be set aside *before confirmation* for a legitimate reason such as fraud, gross inadequacy in the sale price, irregularity in the circumstances surrounding the sale, impingement of the rights of the parties participating in the sale, or harm that may result on confirmation. *See Dellinger v. First Nat'l Bank of Russellville*, 333 Ark. 460, 970 S.W.2d 223 (1998) (emphasis added). Moreover, a confirmation of a judicial sale is a final decree from which an appeal may be prosecuted. *Clarke v. Federal Land Bank of St. Louis*, 197 Ark. 1094, 126 S.W.2d 601 (1939). Accordingly, in order to challenge the notice requirements surrounding the foreclosure sale, National was required to file a notice of appeal from the order confirming sale; National failed in this respect. As a result, this court lacks jurisdiction to hear National's claim and the trial court's order confirming sale must stand. *See also Seay v. C.A.R. Transportation Co.*, 366 Ark. 527, 237 S.W.3d 48 (2006) (holding that this court lacked jurisdiction where the appellant failed to file a timely notice of appeal from the order confirming sale).

Affirmed.