Kelly FLANNERY *v.* ARKANSAS DEPARTMENT of
HEALTH & HUMAN SERVICES

06-1081                                                   241 S.W.3d 251

Supreme Court of Arkansas
Opinion delivered October 12, 2006

Appellant, *pro se.*

Arkansas Dep't of Health & Human Servs., Office of Chief Counsel, by: *Gray Allen Turner*, for appellee.

PER CURIAM. Appellant Kelly Flannery, an inmate in the Arkansas Department of Correction, has filed a *pro se*

motion seeking leave to file a belated appeal from an order of the Greene County Circuit Court terminating his parental rights in his minor children, J.O. and J.O. Pending the outcome of that motion, he has also filed a motion seeking a stay of adoption proceedings that are currently pending in the circuit court.

In his motion, Flannery avers that inmate attorney, Sharon Draper, who represented him during the termination proceedings, did not timely inform him that his parental rights had been terminated, nor that he had the right to appeal such termination. DHHS responds, arguing that even though this court has recognized that an indigent parent has the right to appeal a termination order and to be appointed counsel, Flannery's motion should be denied, without remanding it to circuit court, because he failed to pursue an appeal with reasonable diligence.

This court has recognized a parent's right to appeal from a termination order in *Linker-Flores v. Arkansas Dep't of Human Servs.*, 359 Ark. 131, 194 S.W.3d 739 (2004).[1] We have further recognized an indigent parent's right to counsel on appeal. *See Linker-Flores v. Arkansas Dep't of Human Servs.*, 356 Ark. 369, 149 S.W.3d 884 (2004) *(per curiam)*. Recently, this court has granted motions for rule on clerk in termination cases, noting:

> The impetus for this change is our line of recent decisions that afford indigent parents appealing from a termination of parental rights similar protections as those afforded indigent criminal defendants.

*Tyler v. Arkansas Dep't of Human Servs.*, 366 Ark. 413, 413-14, 235 S.W.3d 901, 902 (2006) *(per curiam)*. *See also Moore v. Arkansas Dep't of Human Servs.*, 363 Ark. 205, 212 S.W.3d 1 (2005) *(per curiam)*; *Childers v. Arkansas Dep't of Human Servs.*, 361 Ark. 227, 205 S.W.3d 795 (2005) *(per curiam)*.

There can be no doubt that indigent parents have been afforded certain protections and rights in pursuing an initial appeal from an order terminating parental rights. Yet, this court has heretofore never addressed a motion to file belated appeal.

DHHS argues that it is in the agency's best interests, as well as the interests of the minor children, to deny this motion, as granting it would create a dangerous precedent of allowing appeals

---

[1] In *Linker-Flores I*, this court also noted that the no-merit standard enunciated in *Anders v. California*, 386 U.S. 738 (1967), would now be applicable in cases of indigent-parent appeals from orders terminating parental rights.

to be dragged out and preventing permanent placement of the minor children. DHHS avers that this is particularly true in the present case and asserts that Flannery failed to act with reasonable diligence. According to DHHS, the hearing in this matter was completed on February 23, 2006, and that Ms. Draper sent Flannery a letter notifying him of the case's outcome. The order terminating Flannery's rights was subsequently entered on March 28, 2006, but Flannery did not contact the circuit court's office until June 12, 2006. In sum, DHHS claims that Flannery knew how to get in touch with his attorney and should have been diligent in pursuing any appeal.

Despite DHHS's assertions to the contrary, it is necessary to remand this matter to the circuit court for resolution of certain factual issues. The threshold issue to be resolved by the trial court is when did Flannery receive notice that his parental rights had been terminated. Additionally, there is a question of fact as to whether or not Flannery was notified of his right to appeal the termination order.

Accordingly, we remand this matter to the circuit court with instructions that it be heard and decided no later than October 20, 2006, so the trial court's findings and order can be filed with this court on or before October 23, 2006. Pending the outcome on remand, we issue a temporary stay of any pending adoption proceedings involving J.O. and J.O.

Motion for belated appeal remanded; motion for temporary stay granted.