Henry MORGAN *v.* Don CHANDLER, Individually, and O/B/O a Class Similarly Situated, and Lenders Title Company

06-310                        241 S.W.3d 224

Supreme Court of Arkansas
Opinion delivered October 12, 2006

---

*Law Offices of Gary Green,* by: *Gary Green* and *Randy Hall,* for appellant.

*Nichols & Campbell, P.A.,* by: *Greg Campbell* and *Mark Nichols; Dan Turner* and *Todd Turner,* for appellees.

ROBERT L. BROWN, Justice. Appellant Henry Morgan appeals the order of the circuit court setting aside an attorney's lien filed by him and a second order authorizing payment of attorney's fees to class counsel. Morgan contends on appeal that the dismissal of his attorney's lien was improper. On cross-appeal, appellees Don Chandler, individually and on behalf of the class, and Lenders Title Company (referred to jointly hereinafter as "Chandler") claim attorney's fees from Morgan for filing a nonjusticiable claim. We affirm on direct appeal and on cross-appeal.

On October 31, 2005, Morgan filed a notice of attorney's lien, in which he claimed to have a common-law attorney's lien and statutory lien pursuant to Arkansas Code Annotated § 16-22-304 (Supp. 2005), on the settlement and attorney's fees to be awarded in the class-action lawsuit handled by Todd Turner, a

lawyer who was Morgan's former employee.[1] Morgan's position has always been that a written employment agreement between Turner and him entitled him to receive 40% of all attorney's fees collected by Turner from cases that had been initiated during Turner's employment. The agreement specifically included fees generated by Turner from those initiated cases after the termination of his employment with Morgan. Morgan asserted that he was entitled to $194,000, which represented 40% of the attorney's fees approved in the class-action settlement.

On November 15, 2005, Turner moved to set aside the attorney's lien filed by Morgan. Turner maintained that § 16-22-304 applies only to a situation where there has been an attorney's fee agreement between an attorney and his client. Accordingly, he also moved that the circuit court award him reasonable attorney's fees pursuant to Arkansas Code Annotated § 16-22-309 (Repl. 1999), on the basis that Morgan had filed a lawsuit that was nonjusticiable.

On December 13, 2005, the circuit court entered a letter opinion and an order permitting Lenders Title Company to pay the $485,000 attorney's fees agreed to under the parties' settlement agreement into the registry of the court. On December 14, 2005, the circuit court entered an order setting aside Morgan's attorney's lien. In that order, the court found that Morgan was not designated as an attorney for the class certified in this case and that Morgan had not performed legal services for the benefit of any member of the class. As a result, the court determined that Morgan was not entitled to any portion of the court-awarded fee. The court, however, made no ruling regarding Turner's request for attorney's fees based on Morgan's allegedly nonjusticiable claim under § 16-22-309. On December 16, 2005, the circuit court entered an order authorizing payments from the registry of the court to the attorneys involved in the class-action lawsuit.

Morgan filed a notice of appeal, in which he stated that he was appealing from the circuit court's December 14, 2005 order setting aside the attorney's lien and the circuit court's December 16, 2005 order authorizing payments from the registry of the

---

[1] The class-action lawsuit involved in this case was *Chandler v. Lenders Title Co.*, which was appealed to this court twice. *See Lenders Title Co. v. Chandler*, 353 Ark. 339, 107 S.W.3d 157 (2003) (*Lenders Title I*); *Lenders Title Co. v. Chandler*, 358 Ark. 66, 186 S.W.3d 695 (2004) (*Lenders Title II*).

court. Chandler then filed his notice of cross-appeal in which he said that he was appealing from "the Court's order which did not award the Plaintiff's attorney's fees and costs against [Morgan]."

## I. Attorney's Lien

Morgan first claims that the circuit court improperly dismissed and set aside his attorney's lien, and he contends that this court should apply the standard of review for a motion to dismiss pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure. Morgan explains that Turner and he entered into a "legal services agreement," which provided, in pertinent part, that "Morgan shall continue to be entitled to forty percent (40%) of all legal fees collected by Turner which are collected from the clients which continue to employ him for matters which arose prior to the date of separation." According to Morgan, Turner's representation of Chandler in the class-action lawsuit against Lenders Title Company began while Morgan and Turner were associated in the practice of law. Relying on *Lockley v. Easley*, 302 Ark. 13, 786 S.W.2d 573 (1990), Morgan maintains that the attorney's lien statute allows for a lien to be enforced against another attorney.

Morgan contends, in the alternative, that if this court determines that the circuit court's order was actually a summary judgment because of the circuit court's consideration of matters outside the pleadings, then he claims that Chandler failed to meet proof with proof and that his own affidavit established his entitlement to an attorney's lien based on his legal services agreement with Turner.

Chandler responds by asserting that the attorney's lien statute clearly applies only to a dispute between a lawyer and his client. Moreover, he contends that, based on this court's holding in *Butt v. Evans Law Firm*, P.A., 351 Ark. 566, 98 S.W.3d 1 (2003), Morgan's claim is moot because Morgan failed to move for a stay or post a supersedeas bond and the court-awarded attorney's fees have been fully paid to class counsel. Chandler points out, as an aside, that Morgan's contractual dispute with Turner is the subject of a separate action filed in a different venue.[2]

We first address the issue of mootness. As noted by Chandler, Morgan's issue raised on direct appeal may be moot because

[2] The record reflects that on December 2, 2005, Morgan filed a separate action in the Clark County Circuit Court against Turner based on the legal services agreement. In that

of the authorized payment of the disputed attorney's fees to Chandler's counsel on December 16, 2005, and because of this court's holding in *Butt, supra.* In *Butt*, this court determined that the appellant/intervenor was required to take steps to stay the order awarding attorney's fees or to post a supersedeas bond to prevent payment of the disputed fees. Because the appellant/intervenor in that case failed to take those steps, this court held that any claim to attorney's fees that were voluntarily paid was moot.

Similarly, in the instant case, Morgan took no steps to stay the order awarding attorney's fees, and he did not post a super- sedeas bond. Rather, Morgan filed his notice of appeal after the circuit court entered its order setting aside his attorney's lien and after the court authorized payments from the registry of the court. Based on our reasoning in *Butt*, it appears that this matter is moot. Our conclusion is bolstered by the fact that the December 16, 2005 order authorized payment of the fees as of the date of the entry of the order. Moreover, in his brief on appeal, Chandler states that the attorneys for the class, including Turner, have received those fees, and this is not refuted by Morgan in his reply brief.

Though the matter appears moot, there is no document of record evidencing the fact that the fees were *actually* paid. Out of an abundance of caution, we address the merits.

■ We turn first to the issue raised by Morgan of whether the circuit court's order was a dismissal order or summary judg- ment. We conclude that Chandler's motion to set aside the attorney's lien is neither a Rule 12(b)(6) motion for failure to state a claim nor a Rule 56(c) motion for summary judgment. *See* Ark. R. Civ. P. 12(b)(6), 56(c) (2006). Clearly, both rules contemplate a motion being filed with respect to a pleading as defined by Arkansas Rule of Civil Procedure 7(a) (2006). Here, Chandler's motion to set aside an attorney's lien was filed in response to Morgan's notice of lien filed on October 31, 2005. No pleading was involved. Because of this, Morgan's argument regarding summary judgment and his filed affidavit simply have no relevancy to these facts.

---

complaint, Morgan alleged the following four causes of action against Turner: (1) breach of contract; (2) conversion; (3) an accounting and inspection of records; (4) a constructive trust.

The circuit court's order setting aside the attorney's lien in this case was based on the attorney's lien law, Arkansas Code Annotated §§ 16-22-302 – 16-22-304 (Repl. 1999). This court reviews a circuit court's interpretation of a statute de novo, as it is for this court to determine what a statute means. *See Mack v. Brazil, Adlong & Winningham, PLC*, 357 Ark. 1, 159 S.W.3d 291 (2004) (holding that the proper standard of review for the interpretation of the attorney's lien statutes was de novo). This court has held that it is not bound by the circuit court's decision concerning an issue of statutory interpretation. *See id.* In the absence of a showing that the circuit court erred, however, this court will accept the circuit court's interpretation as correct on appeal. *See id.*

▌ In matters concerning the meaning of a statute, we look to the intent of the General Assembly. *See, e.g., Dep't of Human Servs. & Child Welfare Agency Review Bd. v. Howard*, 367 Ark. 55, 62, 238 S.W.3d 1, 6 (2006) (noting that our "basic rule of statutory construction is to give effect to the intent of the legislature"); *Ward v. Doss*, 361 Ark. 153, 205 S.W.3d 767 (2005). In the instant case, that intent is laid out clearly and unmistakably in a statute which reads:

> It is hereby found and determined by the General Assembly of the State of Arkansas . . . that an attorney should have the right to rely on his *contract with his client*; and that the Attorney's Lien Law should be reenacted to protect the *contractual rights of attorneys*. Therefore, it is the intent of §§ 16-22-302 – 16-22-304 to allow an attorney to obtain a lien for services based on his or her *agreement* with his or her client and to provide for compensation in case of a settlement or compromise without the consent of the attorney.

Ark. Code Ann. § 16-22-301 (Repl. 1999) (emphasis added). This is the statute relied upon by the circuit court in its letter opinion setting aside the attorney's lien. We agree that there was no agreement between Morgan and Chandler or the class for legal services, which is an express prerequisite for obtaining an attorney's lien.

In addition, we conclude that Morgan's reliance on *Lockley v. Easley, supra*, is misplaced. Morgan's argument stems from the following language taken from our opinion in *Lockley*:

> The [Attorneys Lien Law] explicitly provides that attorneys may rely on their contractual rights with clients and are entitled to obtain a lien for services based on such agreements. The Attorneys Lien

Law also provides that, under appropriate circumstances, the lien may be enforced not only against the client but against anyone, including another attorney, who knowingly settles with an opposing litigant without the consent of the attorney.

*Lockley*, 302 Ark. at 17, 786 S.W.2d at 576. While Morgan correctly notes that an attorney's lien may be enforced against another attorney, he mistakenly assumes that such a lien can be created as a result of an attorney's contract with another attorney. We said in *Lockley* that "attorneys . . . are entitled to obtain a lien for services based on . . . agreements" with their *clients*. *Id.* We did not say that an agreement between attorneys creates the lien. Therefore, while an attorney's lien may in some instances be enforceable against another attorney, such a lien is not created where there is no attorney/client relationship.

Finally, Morgan's argument that Chandler was his client by implication appears to be a new argument, and it is well settled that an appellant cannot make an argument for the first time on appeal. *See, e.g., Healthcare Recoveries, Inc. v. Arkansas Client Sec. Fund*, 363 Ark. 102, 211 S.W.3d 512 (2005).

## II. Cross-Appeal

Turning to the cross-appeal, Chandler asserts that the circuit court erred when it denied class counsel's claim for additional attorney's fees. Chandler contends that he was entitled to an award of attorney's fees pursuant to § 16-22-309(a)(1), which provides that a party is entitled to an award of attorney's fees when he defends against a claim that lacks a justiciable issue. He adds that these attorney's fees should be awarded because the notice of lien filed lacked merit and because Morgan published nonrelevant, personal, and confidential materials for no legitimate purpose.

We cannot reach the merits of this claim because there is no ruling by the circuit court on the issue of attorney's fees under § 16-22-309(a)(1). Chandler did raise the issue in his motion to set aside the attorney's lien, but his failure to obtain a ruling on this matter operates as a waiver of this argument on appeal. *See St. Paul Fire & Marine Ins. Co. v. First Bank of Arkansas*, 341 Ark. 851, 20 S.W.3d 372 (2000) (holding that First Bank waived the issue of attorney's fees and a 12% assessment against the insurance company by failing to obtain a ruling on this issue from the trial court); *see also Arkansas Wildlife Fed'n v. Arkansas Soil & Water Conservation Comm'n*, 366 Ark. 50, 233 S.W.3d 615 (2006) (holding that when

an appellant fails to obtain a ruling on an issue from the circuit court, his or her argument is not preserved for appeal because there is no decision of the circuit court for this court to review); *Carson v. County of Drew*, 354 Ark. 621, 629-30, 128 S.W.3d 423, 429 (2003) (holding that "[i]t is well settled that to preserve arguments for appeal, even constitutional ones, the appellant must obtain a ruling below"). Hence, we affirm on cross-appeal as well.

Affirmed on direct appeal. Affirmed on cross-appeal.

DICKEY, J., not participating.