Kelly FLANNERY *v.* ARKANSAS DEPARTMENT OF HEALTH & HUMAN SERVICES

06-1081                                                242 S.W.3d 619

Supreme Court of Arkansas
Opinion delivered November 9, 2006

Appellant, pro se.

*Arkansas Department of Human Services, Office of Chief Counsel,* by: *Gray Allen Turner,* for appellee.

PER CURIAM. Appellant Kelly Flannery filed a motion seeking leave to file a belated appeal from an order terminating his parental rights. This court entered an order remanding the case to the circuit court for a factual determination as to when Flannery was notified of the court order terminating his parental rights and whether he was notified of his right to appeal. *Flannery v. Ark. Dep't of Health & Human Servs.*, 367 Ark. 473, 241 S.W.3d 251 (2006) (per curiam).

Upon remand, the trial court ruled that Flannery was notified by letter that the court had terminated his rights and that such order was filed with the clerk on March 28, 2006, and mailed to Flannery by his counsel on June 26, 2006. The court further found that Flannery was not notified of his right to appeal the termination order.

Because the court found that Flannery was not notified of his right to appeal, the motion for belated appeal is now granted. In *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004), this court clarified its treatment of motions for rule on clerk and motions for belated appeals in criminal cases. There, we stated that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or, there is "good reason." *Id.* at 116, 146 S.W.3d at 891. We further explained:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.* (footnote omitted); *see also Tyler v. Arkansas Dep't of Human Servs.*, 366 Ark. 413, 235 S.W.3d 901 (2006) (per curiam) (granting motion for belated appeal from order terminating parental rights). Here, the trial court's finding that Flannery's counsel failed to inform him of his right to appeal the termination of his parental rights is good reason to grant Flannery's motion for belated appeal.

Pursuant to Ark. Sup. Ct. R. 6-9(d), the record on appeal in dependency-neglect cases shall be filed with the clerk of this court within seventy days of the filing of the notice of appeal. Accordingly, Flannery has until January 18, 2007, to file the record with the clerk of this court. The clerk will then set a briefing schedule.

Motion for belated appeal granted.