Rose HARWELL-WILLIAMS, Roger Jarrell  *v.*
ARKANSAS DEPARTMENT of HUMAN SERVICES

05-960                                               243 S.W.3d 898

Supreme Court of Arkansas
Opinion delivered November 30, 2006

*David Hogue*, Christian Legal Service, for appellant.

*Gray Allen Turner*, Office of Chief Counsel, for appellee.

BETTY C. DICKEY, Justice. Rose Harwell-Williams appeals the order of the Juvenile Division of Van Buren County Circuit Court, resulting from a Permanency Planning hearing and an adjudication on a Dependency/Neglect petition filed against her by the Arkansas Department of Human Services (DHS).[1] Appellant alleges that the trial court erred in finding the children dependent-neglected, and the correct procedure was not followed. We find no error and affirm.

In January 2004, DHS was ordered to open a protective-services case on Appellant's family after a juvenile officer filed a FINS, "Family In Need of Services," petition, alleging that C.H. had stolen a bike, and that, due to a lack of supervision and past history, the family was in need of services. After Appellant failed to comply with court orders, both her children, C.H. and S.H., were removed and placed in DHS custody in April 2004. On April 15, 2005, the Juvenile Division of the Van Buren County Circuit Court noted in its order that DHS requested a change in goals from reunification to termination of parental rights and would be filing a petition for dependency-neglect. The court scheduled a Permanency Planning hearing and an Adjudication on the anticipated Dependency-Neglect petition for May 11, 2005. DHS filed the petition on April 27, 2005. On May 18, 2005, after the hearing and adjudication, the court filed an order titled "Adjudication of Dependency-Neglect Permanency Planning Order." The order stated the goals regarding C.H. and S.H. would be that the parental rights of C.H. be terminated, with the goal of adoption, and that

---

[1] Roger Jarrell, legal father of C.H., was not a party to this appeal.

S.H.'s father would be granted permanent custody. While the order closed S.H.'s portion of the case, it specifically stated that the cause would be continued as to C.H. with a termination of parental rights hearing scheduled on August 10, 2005. On June 10, 2005, Appellant filed a notice of appeal from the court's May 18, 2005 order. On December 13, 2005, the court entered a final order terminating Appellant's parental rights as to C.H. and granting DHS the power to consent to adoption. The record does not reflect an appeal from the court's final order terminating Appellant's parental rights to C.H.

The case was certified to this court pursuant to Ark. Sup. Ct. R. 1-2(b)(1) and (b)(6), involving an issue of first impression and requiring the construction of an act of the General Assembly. We are asked to determine whether the trial court had jurisdiction to hold an additional hearing subsequent to the filing of a notice of appeal and the lodging of a trial transcript.

The order from which Appellant filed a notice of appeal was the Adjudication of Dependency-Neglect Permanency Planning Order. The language of that order was final only as to S.H. The order instructed that the goal of her case would be to grant permanent custody to her father. The order read, "The Court hereby places permanent custody of [S.H.] with her father and hereby closes her portion of this case." Rule 2(d) of the Arkansas Civil Rules of Appellate Procedure instructs that final orders awarding custody are final and appealable.

Rule 2(c)(3) of the Arkansas Civil Rules of Appellate Procedure provides that the following are final appealable orders in juvenile cases where an out-of-home placement has been ordered: (1) adjudication and disposition hearings; (2) review and permanency planning hearings if the court directs entry of a final judgment as to one or more of the issues or parties and upon express determination supported by factual findings that there is no just reason for delay of an appeal, in accordance with Ark. R. Civ. P. Rule 54(b); (3) termination of parental rights. While the court made a final adjudication with respect to C.H. on the petition for dependency-neglect, the order was not final as to permanency planning for the child. The order stated that the goal of the case for C.H. would be termination of parental rights with a goal of adoption, but that the court would retain jurisdiction and the cause would be continued with a later hearing regarding termination of parental rights.

Although Appellant filed a notice of appeal from the May 18, 2005, order, the juvenile division of the circuit court retained jurisdiction to conduct further hearings because the case involved a juvenile out-of-home placement. Arkansas Code Annotated § 9-27-343(c) (Supp. 2005) specifically states that "[p]ending an appeal from any case involving a juvenile out-of-home placement, the juvenile division of the circuit court retains jurisdiction to conduct further hearings." Therefore, the trial court had jurisdiction to proceed with the final hearing on Appellant's termination of parental rights as to C.H. The final order of judgment as to C.H. was entered on December 13, 2005.

Appellant first argues that the petition for dependency-neglect filed on April 27, 2005, was untimely, as the children had been out of the home for one year. Arkansas Code Annotated § 9-27-303 (Supp. 2005) defines a "dependent-neglected juvenile" as any juvenile who *is* at substantial risk of serious harm as a result of numerous possible factors. (Emphasis added.) Appellant argues that because she did not have custody of the children at the time DHS sought to terminate her parental rights her children could not have been at risk of serious harm.

■ This case began as a FINS case, but the children were later ordered into the care of DHS due to Appellant's continued drug use and due to her inability to care for her children, to the extent that they would have been in danger of severe maltreatment if left in her care. DHS filed the dependency-neglect petition because Appellant had failed to remedy the situation and had failed to cooperate with the case plan and court orders. The court specifically found that Appellant did not maintain contact with DHS, submit to drug screens, attend parenting classes, visit her children, complete the drug treatment programs, or maintain contact with her children.

Were we to agree with Appellant's argument, it would be tantamount to holding that a neglectful parent would be shielded from future petitions for dependency-neglect once his or her child was placed in DHS's custody as a result of a FINS case. To hold that a court must find that a child is at substantial risk of serious harm on the day of the adjudication would mandate that no child could be found dependent/neglected after being placed into DHS custody. This court will not interpret a statute to yield an absurd result that defies common sense. *Nat'l Home Ctrs., Inc. v. First Ark. Valley Bank*, 366 Ark. 522, 237 S.W.3d 60 (2006).

For her second point on appeal, Appellant alleges that the trial court and DHS did not follow the correct procedure by (1) holding the adjudication hearing one year after the children were removed from Ms. Harwell-Williams's home; (2) holding the permanency planning hearing and adjudication hearing simultaneously; and (3) failing to hold any of the requisite hearings in order to properly "fast track" the termination of Ms. Harwell-Williams's parental rights. Only one of these three sub-points raised by Appellant was presented to the trial court. After a hearing on May 11, 2005, the court issued the order that Harwell-Williams is appealing. The transcript of that hearing was included in the record and no objection was made by Appellant that the proper hearings had not been held in order to "fast track" the termination of Appellant's parental rights, nor was there an objection as to the timing of the adjudication hearing. It is well settled that Appellant cannot make an argument for the first time on appeal. *Morgan v. Chandler*, 367 Ark. 430, 241 S.W.3d 224 (2006).

The only objection made by Appellant was the following:

> And — and I would go ahead and enter an objection — if you choose not to recuse, I would go ahead and enter an objection to doing the permanency planning on the same day as the adjudication itself.

However, this objection was effectively waived when Appellant agreed on the record on April 13, 2005, to hearing the adjudication on the dependency-neglect petition at the same time as the permanency planning hearing on May 11, 2005. The court stated the following in its April 18, 2005 order:

> 2. That David Hogue, on behalf of his client, made a motion for a continuance of this Permanency Planning Hearing. His motion is hereby granted and this cause is hereby continued to May 11, 2005 for the permanency hearing.
>
> . . . .
>
> 4. That the Department announced that they will be requesting that the goal be changed to termination of parental rights and that they will be filing a petition for dependency/neglect in this case.
>
> 5. That David Hogue agreed on the record to accept service on behalf of his client of the DN petition that will be filed by the Department and agreed to hearing the adjudication on that petition at the May 11, 2005 hearing herein.

■ Furthermore, there was neither a specific request nor a ruling by the court on the issue of a simultaneous hearing on permanency planning and adjudication. Appellant alleges that the court was misled by DHS with respect to Arkansas law, however, that is mere speculation because there is no record of the court's ruling. It may be inferred that Appellant's objection as to the simultaneous hearings was denied, as the court denied Appellant's Motion to Recuse and continued with the proceedings on May 11, 2005. Where an appellant failed to obtain a specific ruling below, we do not consider that point on appeal. *Huddleston v. State,* 347 Ark. 226, 61 S.W.3d 163 (2001). Objections and questions left unresolved are waived and may not be relied upon on appeal. *Drone v. State,* 303 Ark. 607, 798 S.W.2d 434 (1990). In the absence of findings of fact or rulings on issues raised below, the argument is not preserved for appeal. *Kulbeth v. Purdom,* 305 Ark. 19, 805 S.W.2d 622 (1991).

DHS contends that this appeal is moot with respect to C.H. because there was no appeal of the December 13, 2005, order from the termination hearing. In *Linker-Flores v. Arkansas Department of Human Services,* 356 Ark. 369, 149 S.W.3d 884 (2004), and its progeny, this court held that, after entry of the order terminating parental rights, an indigent parent has the right to counsel on appeal and the benefit of the procedure outlined in *Anders v. California,* 386 U.S. 738 (1967).[2] In addition, this court has held that indigent parents appealing from a termination of parental rights are afforded similar protections as those afforded indigent criminal defendants.[3] *Tyler v. Arkansas Dep't of Human Servs.,* 366 Ark. 413, 235 S.W.3d 901 (2006); *Linker-Flores v. Arkansas Dep't of Human Servs.,* 356 Ark. 369, 149 S.W.3d 884 (2004). In *Flannery v. Arkansas Department of Human Services,* 367 Ark. 473, 241 S.W.3d 251 (2006), we remanded the indigent father's motion for a belated appeal in order for the trial court to determine whether Flannery had been made aware of his right to appeal, and whether he had received notice of the termination order. The trial court found that Flannery was not notified of his right to appeal the parental-termination order and, recently, this court granted his motion for

---

[2] *Anders* specifically held that an indigent parent has the right to file a no-merit brief.

[3] We further note that, while not applicable in the instant case, the newly promulgated Ark. Sup. Ct. R. 6-10 (2006) sets forth trial counsel's duties in dependency-neglect appeals.

belated appeal. *See Flannery v. Ark. Dep't of Human Servs.*, 368 Ark. 31, 242 S.W.3d 619 (2006). In the instant case, the issue of mootness is premature, as we do not know the status of any appeal from the December 13, 2005, order.

Affirmed.

HANNAH, C.J., and CORBIN, J., concur.

JIM HANNAH, Chief Justice, concurring. I agree with the majority that this case should be affirmed; however, because I disagree with the last paragraph of the majority opinion, I must concur. I write separately to express my disagreement with the majority's issuance of an advisory opinion.

In the final paragraph of the opinion, the majority states, in relevant part:

> DHS contends that this appeal is moot with respect to C.H. because there was no appeal of the December 13, 2005 order from the termination hearing. . . . In *Flannery v. Arkansas Department of Human Services*, 367 Ark. 473, 241 S.W.3d 251 (2006), we remanded the indigent father's motion for a belated appeal in order for the trial court to determine whether Flannery had been made aware of his right to appeal, and whether he had received notice of the termination order. The trial court found that Flannery was not notified of his right to appeal the parental-termination order and, recently, this court granted his motion for belated appeal. *See Flannery v. Ark. Dep't of Human Servs.*, 368 Ark. 31, 242 S.W.3d 619 (2006). In the instant case, the issue of mootness is premature, as we do not know the status of any appeal from the December 13, 2005 order.

It is not the practice of this court to anticipate future litigation and issue advisory opinions. *Wright v. Keffer*, 319 Ark. 201, 890 S.W.2d 271 (1995). The majority appears to suggest that this court will entertain a belated appeal of the order terminating parental rights as to C.H. Aside from the fact that no appeal has been taken, the question of whether a belated appeal would be allowed in this case necessarily involves fact-based issues that have not been decided at the trial level. We do not know whether Ms. Harwell-Williams will ever appeal the order terminating her rights as to C.H., and we certainly do not know whether Ms. Harwell-Williams would assert a good reason for this court to grant a motion for belated appeal. We have consistently refused to issue advisory opinions based on facts not in evidence and events that

have not yet occurred. *See, e.g., Harris v. City of Little Rock*, 344 Ark. 95, 40 S.W.3d 214 (2001). "[C]ourts do not sit for the purpose of determining speculation and abstract questions of law or laying down rules for the future conduct[.]" *Id.* at 103, 40 S.W.3d at 220 (quoting *Baker Car & Truck Rental, Inc. v. City of Little Rock*, 325 Ark. 357, 363, 925 S.W.2d 780, 784 (1996)).

Based on the foregoing, I believe the last paragraph of the majority opinion should be stricken in its entirety.

CORBIN, J., joins.