Renae MARTIN, Jessie Baney, James Eric Martin *v.*
ARKANSAS DEPARTMENT of HEALTH & HUMAN
SERVICES and Minor Children

07-245                                                         255 S.W.3d 830

Supreme Court of Arkansas
Opinion delivered April 26, 2007

*Val P. Price*, for appellant Renae Martin.

*Terry Goodwin-Jones*, for appellants Jessie Baney and James Eric Martin.

No response.

PER CURIAM. Renae Martin, by her attorney, Val P. Price, and Jessie Baney and James Eric Martin, by their attorney, Terry Goodwin-Jones, have filed a joint motion for rule on clerk, after their record was refused due to their notice of appeal's noncompliance with Ark. Sup. Ct. R. 6-9(b)(2)(D) (2006). We therefore treat the instant motion as one for a belated appeal.

On December 29, 2006, the circuit court entered an order terminating the appellants' parental rights and granting the Arkansas Department of Health and Human Services the power to consent to the adoption of the minor children at issue. On January 5, 2007, Mr. Price filed a joint notice of appeal for all three appellants. However, upon tendering the record to this court's clerk on February 26, 2007, the clerk refused to docket the record due to the fact that the appellants' notice of appeal was not signed by each of the appellants, as required by Ark. Sup. Ct. R. 6-9(b)(2)(D). In their motion, Mr. Price and Ms. Goodwin-Jones claim that it would have been impossible for them to have prepared one notice of appeal and to have had it signed by all three appellants within the fourteen-day requirement for filing a dependency-neglect notice of appeal pursuant to Rule 6-9(b)(2).

This court has clarified its treatment of motions for rule on clerk and motions for belated appeals in criminal cases in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There we said:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

356 Ark. at 116, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he or she has erred and is responsible for the failure to perfect the appeal. *See id.* When it is plain from the motion, affidavits, and record that relief is proper under either rule based on error or good reason, the relief will be granted. *See id.* If there is attorney error, a copy of the

opinion will be forwarded to the Committee on Professional Conduct. *See id.* While the instant case is not a criminal case, we have afforded indigent parents appealing from a termination of parental rights similar protections to those afforded indigent criminal defendants by applying the *McDonald* standard. *See, e.g., Flannery v. Ark. Dep't of Health & Human Servs.*, 368 Ark. 31, 242 S.W.3d 619 (2006) (granting a motion for belated appeal in a termination-of-parental-rights case).

█ It is plain from the appellants' motion that there was error on the part of Mr. Price and Ms. Goodwin-Jones. A review of the notice of appeal reveals that none of the appellants signed the notice of appeal, nor did counsel for Jessie Baney and James Eric Martin, Ms. Goodwin-Jones. The language of Ark. Sup. Ct. R. 6-9(b)(2)(D) is clear:

> The notice of appeal and designation of the record shall be signed by the appellant, if an adult, and appellant's counsel. The notice shall set forth the party or parties initiating the appeal, the address of the party or parties, and specify the order from which the appeal is taken.

Ark. Sup. Ct. R. 6-9(b)(2)(D). Because the appellants' notice of appeal lacked the signature of each appellant, as well as the signature of each appellant's counsel, it was deficient. Pursuant to *McDonald v. State, supra*, we grant the appellants' motion for belated appeal and forward a copy of this opinion to the Committee on Professional Conduct.

Motion granted.

BROWN, J., concurs.

R OBERT L. BROWN, Justice, concurring. I must confess to having some sympathy for the attorney, Val Price, in this case. Effective July 1, 2006, this court amended Supreme Court Rule 6-9 to shorten the time frame for filing a notice of appeal from thirty days, which is the standard time frame for filing the notice, to fourteen days. Sup. Ct. R. 6-9(b)(2). The obvious intent of this court was to expedite these appeals involving termination-of-parental-rights cases.

At the same time we shortened the time frame for filing a notice of appeal, we added a non-standard requirement for filing notices of appeal in these cases. We required, effective that same

date, that the notice of appeal be signed by the terminated parent or parents, in addition to the signature of counsel. Sup. Ct. R. 6-9(b)(2)(D) (2007). The end result is that requirements for perfecting notices of appeal in these cases are more onerous while the deadline for filing the notices has been shortened to fourteen days. The two rule changes appear to be working at cross purposes. Mr. Price raises the practical problem of obtaining client signatures within fourteen days when the client is in prison or out of state.

Mr. Price also states in his motion that in February 2007, he filed a record with the clerk of this court containing a notice of appeal that his client had not signed, and that record was not rejected. Thus, he maintains he was not put on notice of the new rule by the clerk's office.

The new Rule 6-9, however, has now been in effect for nine and one-half months, and Mr. Price should have been aware of it. For that reason, I concur that the motion for belated appeal be granted.

With respect to sending Mr. Price to the Professional Conduct Committee for noncompliance with the new rule, this court has done so in the past with other attorneys. *See, e.g., Werts v. Arkansas Department of Human Services*, 368 Ark. 386, 246 S.W.3d 438 (2007) (failed to file a brief on time); *Latiolais v. Arkansas Department of Human Services*, 368 Ark. 381, 246 S.W.3d 413 (2006) (failed to file a brief on time). *But see Flannery v. Arkansas Department of Health & Human Services*, 368 Ark. 31, 242 S.W.3d 619 (2006) (counsel did not advise a terminated parent of his right to appeal; attorney was found to be at fault; court allowed the belated appeal; court did not send counsel to the Professional Conduct Committee).

It is difficult at this juncture to gauge the impact of this new supreme court rule. Though the goals of a shortened time frame for appeals and parental signatures are good ones, the reality of these new requirements, especially the signature requirement, may actually be an impediment to expedited appeals, should extensions of time for filing the notice of appeal be required. The situation bears watching.