Donald SPARROW *v.* ARKANSAS DEPARTMENT of HEALTH and HUMAN SERVICES, and Minor Child

07-555                                                    259 S.W.3d 419

Supreme Court of Arkansas
Opinion delivered June 21, 2007

*Paul N. Ford*, for appellant.

*Gray Allen Turner*, Office of Chief Counsel, for appellee.

PER CURIAM. Appellant Donald Sparrow, by and through his attorney, Paul N. Ford, has filed a motion for rule on clerk, after his record was refused due to his failure to use the correct notice of appeal form as required by Ark. Sup. Ct. R. 6-9(c)(2). We therefore treat the instant motion as one for a belated appeal.

On April 4, 2007, the circuit court entered an order terminating Appellant's visitation rights with his daughter. On April 13, 2007, Appellant timely filed his notice of appeal. However, upon tendering the record to this court's clerk on May 23, 2007, the clerk refused to docket the record due to the fact that Appellant's notice of appeal was not in the proper form as required by Rule 6-9(c)(2). *See also In re Adoption of Rule 6-9 and 6-10 of the Rules of the Supreme Court and Court of Appeals*, 366 Ark. App'x 628 (2006) (per curiam). In his motion, Mr. Ford admits responsibility for using the incorrect form.

This court has clarified its treatment of motions for rule on clerk and motions for belated appeals in criminal cases in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There we said:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not

> perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.* at 116, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he or she has erred and is responsible for the failure to perfect the appeal. *See Martin v. Ark. Dep't of Health & Human Servs.*, 369 Ark. 477, 255 S.W.3d 830 (2007) (per curiam). When it is plain from the motion, affidavits, and record that relief is proper under either rule based on error or good reason, the relief will be granted. *See id.* If there is attorney error, a copy of the opinion will be forwarded to the Committee on Professional Conduct. *See id.* While the instant case is not a criminal case, we have afforded indigent parents appealing from a termination of parental rights similar protections to those afforded indigent criminal defendants by applying the *McDonald* standard. *See id.*

██ It is plain from Appellant's motion that there was error on the part of Mr. Ford. A review of the record reveals that the filed notice of appeal was not in the proper form and thus did not comply with Rule 6-9. The language of Rule 6-9(c)(2) is clear:

> The appellant and the cross-appellant, if any, shall (A) complete a Notice of Appeal (Cross-Appeal) and Designation of Record (Form 1); (B) file Form 1 with the Circuit Clerk; and (C) serve Form 1 on the court reporter and all parties by any form of mail which requires a signed receipt.

Because Appellant's notice of appeal was not filed in conformance with Form 1, it was deficient. Pursuant to *McDonald*, 356 Ark. 106, 146 S.W.3d 883, we grant Appellant's motion for belated appeal and forward a copy of this opinion to the Committee on Professional Conduct.

██ Furthermore, we take this opportunity to note that Exhibit A of Appellant's motion contains a notice of appeal that, at this time, is not in compliance with Rule 6-9. Contrary to Appellee Arkansas Department of Health and Human Services' argument, this does not require this court to deny Appellant's motion. *See Martin*, 369 Ark. 477, 255 S.W.3d 830 (granting motion for belated appeal despite finding the appellants' notice of appeal to be deficient under Ark. Sup. Ct. R. 6-9(b)(2)(D)).

Motion granted.