Debra SMITH *v.* ARKANSAS DEPARTMENT of
HEALTH & HUMAN SERVICES

07-1066                                      266 S.W.3d 694

Supreme Court of Arkansas
Opinion delivered November 1, 2007

*Melissa Dorn Bratton*, for appellant.

No response.

PER CURIAM. Debra Smith, by her attorney, Melissa Dorn Bratton, has filed a Motion to Amend the Notice of Appeal and Stay the Briefing Schedule. While captioned as a motion to amend the notice of appeal, Smith moves this court for relief from Ark. Sup. Ct. R. 6-9(b)(2)(d) which requires that a notice of appeal be signed by the appellant, if an adult, and by counsel. The notice of appeal in this case was signed by Smith's counsel Tom Garner; however, it was not signed by Smith. While Smith asserts a right to move to amend the notice and add the signature, this court has treated this issue as a motion for belated appeal. *See Martin v. Arkansas Dep't of Health and Human Servs.*, 369 Ark. 477, 255 S.W.3d 830 (2007).

In an order entered July 18, 2007, The Fulton County Circuit Court terminated Smith's parental rights and granted the Arkansas Department of Health and Human Services the power to consent to the adoption of Smith's minor son Joshua Smith. On August 1, 2007, Garner filed a notice of appeal; however, Smith did not sign the notice. On August 14, 2007, a notice of appeal signed by both Garner and Smith was filed. Under Ark. Sup. Ct. R. 6-9(b)(2), the notice of appeal had to be filed "within 14 days from the entry of the circuit court order from which the appeal is

being taken." The noncomplying notice was timely filed on the 14th day; however, the amended notice was not filed until two weeks later. It was untimely.

This court has clarified its treatment of motions for rule on clerk and motions for belated appeals in criminal cases in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004).

There we said:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.* at 116, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he or she has erred and is responsible for the failure to perfect the appeal. *See id.* When it is plain from the motion, affidavits, and record that relief is proper under either rule based on error or good reason, the relief will be granted. *See id.* If there is attorney error, a copy of the opinion will be forwarded to the Committee on Professional Conduct. *See id.* While the instant case is not a criminal case, we have afforded indigent parents appealing from a termination of parental rights similar protections to those afforded indigent criminal defendants by applying the *McDonald* standard. *See, e.g., Martin, supra.* (granting a motion for belated appeal in a termination-of-parental-rights case).

It is plain from Smith's motion that there was error on the part of her attorney Tom Garner. A review of the notice of appeal reveals that Smith did not sign the notice of appeal. The language of Ark. Sup. Ct. R. 6-9(b)(2)(D) is clear:

> The notice of appeal and designation of the record shall be signed by the appellant, if an adult, and appellant's counsel. The notice shall set forth the party or parties initiating the appeal, the address of the party or parties, and specify the order from which the appeal is taken.

Ark. Sup. Ct. R. 6-9(b)(2)(D). Because Smith's notice of appeal lacked her signature, it was deficient. Pursuant to *McDonald v. State*, *supra*, we grant Smith's motion for belated appeal and forward a copy of this opinion to the Committee on Professional Conduct.

Motion granted.