286 S.W.3d 674 (2008)
Ray GARCIA, Appellant,
v.
ARKANSAS DEPARTMENT OF HEALTH AND HUMAN SERVICES, Appellee.
No. 08-827.
Supreme Court of Arkansas.
September 4, 2008.
*675 Dee A. Scritchfield, for appellant.
No response.
PER CURIAM.
Appellant Ray Garcia, by and through his attorney, Dee A. Scritchfield, has filed a motion to file a belated notice of appeal. The circuit court's order terminating Garcia's parental rights was filed April 21, 2008. Pursuant to Arkansas Supreme Court Rule 6-9(b)(2) (2008), Garcia's notice of appeal was required to be filed no later than May 5, 2008, but was not filed until the next day, May 6, 2008. Ms. Scritchfield states that, due to her lack of diligence, Garcia's notice of appeal was untimely filed.
This court clarified its treatment of motions for rule on clerk and motions for belated appeals in McDonald v. State, 356 Ark. 106, 146 S.W.3d 883 (2004). There we said that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or, there is "good reason." 356 Ark. at 116, 146 S.W.3d at 891. We explained:
Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.
Id., 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. See id. While the instant case is not a criminal case, we have afforded indigent parents appealing from a termination of parental rights similar protections to those afforded indigent criminal defendants by applying the McDonald standard. See, e.g., Smith v. Arkansas Dep't of Health & Human Servs., 371 Ark. 425, 266 S.W.3d 694 (2007) (granting a motion for belated appeal in a termination-of-parental-rights case).
This court's rules further provide that no motion for belated appeal shall be entertained unless application has been made to this court within eighteen months of the date of the entry of judgment. See Ark. R.App. P.-Crim. 2(e) (2004). We note that Garcia's motion was filed well within the time period so prescribed.
In accordance with McDonald v. State, supra, Ms. Scritchfield has candidly admitted fault. The motion is, therefore, granted. A copy of this opinion will be forwarded to the Committee on Professional Conduct.
Motion granted.