SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CV-14-914

| | |
|---|---|
| JASMINE HOLLOWAY<br><br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES<br><br>APPELLEE | Opinion Delivered NOVEMBER 6, 2014<br><br>MOTION FOR BELATED APPEAL<br><br>MOTION GRANTED. |

## PER CURIAM

Appellant, Jasmine Holloway, by and through her attorney, Jeffery Kearney, brings this motion for rule on clerk. Therein, Mr. Kearney admits fault for failing to timely lodge the record with this court. In reviewing the instant motion, however, it is apparent that Mr. Kearney failed to timely file the notice of appeal from the circuit court's order terminating Appellant's parental rights. The termination order was filed on July 9, 2014, and the original notice of appeal was filed on August 7, 2014, with an amended notice of appeal filed on September 5, 2014. The instant appeal is governed by Arkansas Supreme Court Rule 6-9, and subsection (b)(1) requires the notice of appeal to be filed within twenty-one days following the entry of the order terminating parental rights. Ark. Sup. Ct. R. 6-9(b)(1) (2014). Thus, the notice of appeal in this case was due on July 30, 2014, and Mr. Kearney filed the notice of appeal approximately one week after this deadline.

Relief from the failure to perfect an appeal is provided as part of the appellate procedure granting the right to an appeal. *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883

SLIP OPINION

(2004). This court has said that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or, there is "good reason." *Id.* at 116, 146 S.W.3d at 891. We explained as follows:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.* at 116, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *McDonald*, 356 Ark 106, 146 S.W.3d 883. When it is plain from the motion, affidavits, and record that relief is proper under either rule based on error or good reason, the relief will be granted. *Id.* If there is attorney error, a copy of the opinion will be forwarded to the Committee on Professional Conduct. *Id.* Although the instant case is not a criminal matter, we have afforded indigent parents appealing from a termination of parental rights similar protections to those afforded indigent criminal defendants by applying the *McDonald* standard. *See Smith v. Ark. Dep't of Health & Human Servs.*, 371 Ark. 425, 266 S.W.3d 694 (2007) (per curiam).

Here, although the motion is presented as a motion for rule on clerk wherein the attorney accepts fault for the failure to timely lodge the record, we will treat it as a motion for belated appeal, because of the attorney's failure to timely file the notice of appeal.

Motion granted.