
# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CV–16–509

| | |
|---|---|
| | **Opinion Delivered** October 5, 2016 |
| JAMIE JONES | APPEAL FROM THE LONOKE |
| APPELLANT | COUNTY CIRCUIT COURT |
| | [NO. JV-14-36] |
| V. | |
| | HONORABLE BARBARA ELMORE, |
| ARKANSAS DEPARTMENT OF | JUDGE |
| HUMAN SERVICES and MINOR | |
| CHILD | |
| APPELLEES | APPEAL DISMISSED |

**WAYMOND M. BROWN, Judge**

Appellant Jamie Jones seeks to appeal an order by the Lonoke County Circuit Court terminating her parental rights to her son, B.M. (d.o.b. 09-12-11). We dismiss the appeal for want of jurisdiction.

The requirements of a notice of appeal in dependency-neglect proceedings differ from normal procedure in that Arkansas Supreme Court Rule 6-9(b)(1)(B) requires that the notice of appeal and designation of record be signed not only by appellant's counsel, but also by the appellant herself, if, as here, she is an adult.[1] A notice of appeal in such cases that lacks the signature of the appellant is deficient.[2] Not every defect in a notice of appeal will deprive the appellate court of jurisdiction, but our supreme court has required strict compliance with the

---

[1]Appellant's d.o.b. is 03-03-77.

[2]*See McPherson v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 238.

appellant-signature requirements of Rule 6–9(b)(1)(B).[3] Here, appellant's attorney has signed the notice of appeal for appellant and has noted "by her attorney John Ogles." This is in violation of our rules. Therefore, we dismiss this appeal for lack of jurisdiction. We note that the Arkansas Supreme Court may grant a motion for belated appeal under certain circumstances.[4]

Appeal dismissed.

VAUGHT and HIXSON, JJ., agree.

*Ogles Law Firm, P.A.*, by: *John Ogles*, for appellant.

*Andrew Firth*, County Legal Operations, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor child.

---

[3] *Id.*

[4] *Id.*

SLIP OPINION