SLIP OPINION

Cite as 2016 Ark. 389

# SUPREME COURT OF ARKANSAS

No. CV-16-921

| | | |
|---|---|---|
| JAMIE JONES | | **Opinion Delivered** November 10, 2016 |
| | APPELLANT | |
| V. | | MOTION FOR BELATED APPEAL |
| | | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD | | <u>MOTION FOR BELATED APPEAL GRANTED</u>. |
| | APPELLEES | |

## PER CURIAM

Appellant Jamie Jones, by and through her attorney, John Ogles, has filed a motion for belated appeal. In the present motion, Mr. Ogles candidly admits fault for failing to procure Ms. Jones's signature on the notice of appeal, in noncompliance with Arkansas Supreme Court Rule 6-9(b)(2)(D) and leading to the dismissal of the appeal for want of jurisdiction by the court of appeals on October 5, 2016. *Jones v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 470.

We have clarified our treatment of motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There, we stated that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or there is "good reason." *Id.* at 115, 146 S.W.3d at 891.

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party

SLIP OPINION

or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide if good reason is present.

*Id.*, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.* The instant case is not a criminal case; however, we have afforded indigent parents appealing from a termination of parental rights similar protections as those afforded indigent criminal defendants by applying the *McDonald* standard. *Garcia v. Ark. Dep't of Health & Human Servs.*, 374 Ark. 144, 145, 286 S.W.3d 674, 675 (2008) (per curiam)(citing *Smith v. Ark. Dep't of Health & Human Servs.*, 371 Ark. 425, 266 S.W.3d 694 (2007) (per curiam) (granting a motion for belated appeal in a termination-of-parental-rights case)). A review of the notice of appeal reveals that it was signed for Jones through her attorney. Rule 6-9(b)(2)(D) states,

The notice of appeal and designation of the record shall be signed by the appellant, if an adult, and the appellant's counsel. The notice shall set forth the party or parties initiating the appeal, the address of the party or parties, and specify the order from which the appeal is taken.

In accordance with *McDonald v. State*, Mr. Ogles has candidly admitted fault for failing to procure Ms. Jones's signature on the notice of appeal in noncompliance with Arkansas Supreme Court Rule 6-9(b)(2)(D). A copy of this opinion will be forwarded to the Committee on Professional Conduct.

Motion for belated appeal granted.