Randy MILLER *v.* STATE of Arkansas

CR 06-888

238 S.W.3d 608

Supreme Court of Arkansas
Opinion delivered September 7, 2006

*James B. Bennett*, for appellant.

No response.

PER CURIAM. The record in this case has been refused because the notice of appeal was filed more than thirty days after appellant's judgment and conviction order was entered, as required by Ark. R. App. P. – Crim. 2(a)(1).

The court clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There we said that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or there is "good reason." 356 Ark. at 116, 146 S.W.3d at 891. We explained:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was

not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.*, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.*

In accordance with *McDonald v. State, supra*, Mr. Bennett acknowledges that the notice of appeal was untimely, and he has filed an affidavit assuming full responsibility for the error. The motion is, therefore, granted. A copy of this opinion will be forwarded to the Committee on Professional Conduct.