Perry JOSHUA  *v.*  STATE of Arkansas

CR 06-906                                          238 S.W.3d 933

Supreme Court of Arkansas
Opinion delivered September 14, 2006

*Dudley & Compton,* by: *Catherine Villee Compton,* for appellant.

No response.

PER CURIAM. Appellant, Perry Joshua, has filed a motion for rule on clerk. Appellant filed the motion on August 15, 2006, and the record was refused because the notice of appeal was filed more than thirty days after appellant's judgment and conviction order was entered, as required by Ark. R. App. P. – Crim. 2(a)(1). For this reason, we treat appellant's motion for rule on clerk as a motion for belated appeal. We grant appellant's motion and refer the matter to the Committee on Professional Conduct.

The order from which appellant seeks to appeal was entered on December 20, 2005. Appellant filed his notice of appeal on January 23, 2006. Appellant now requests a motion for rule on clerk because the clerk refused to accept the record, as the notice of appeal was tendered outside the thirty-day time period required under Ark. R. App. P. – Crim. 2(a)(1). Appellant's counsel took full responsibility for the untimely filing of the notice of appeal and requested the case to proceed in the usual manner.

This court recently clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State,* 356 Ark. 106, 146 S.W.3d 883 (2004). There, we said:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney

> filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.* at 116, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.* However, where a motion seeking relief from failure to perfect an appeal is filed and it is not plain from the motion, affidavits, and record whether there is attorney error, the clerk of this court will be ordered to accept the notice of appeal or record, and the appeal will proceed without delay. *See id.* At that time, the matter of attorney error will be remanded to the trial court to make findings of fact. *See id.* Upon receipt of the findings by this court, it will render a decision on attorney error. *See id.*

■ In this case, appellant's attorney acknowledges that the notice of appeal was untimely and assumes full responsibility for failing to perfect the appeal. Therefore, we grant the motion for belated appeal, and the complete record should be filed with our clerk within thirty days from the date of this *per curiam* order. At that time, a briefing schedule will be set. *See Miller v. State,* 367 Ark. 187, 238 S.W.3d 608 (2006).

Motion granted.