Todd HALL *v.* ARKANSAS DEPARTMENT of HEALTH & HUMAN SERVICES and M.H. & R.H

07-911                                                    262 S.W.3d 601

Supreme Court of Arkansas
Opinion delivered September 20, 2007

*Lisa Lundeen-Gaddy*, for appellant.

*Linda Scribner* and *Keith L. Chrestman*, attorneys ad litem.

PER CURIAM. Appellant Todd Hall, by and through his attorney, Lisa Lundeen-Gaddy, has filed a motion for rule on clerk. However, when Appellant filed the motion for rule on clerk on August 30, 2007, the record was refused because Appellant did not sign the notice of appeal as required by Rule 6-9(b)(2)(D) of the Arkansas Supreme Court Rules. Appellant seeks to appeal an order,

dated June 12, 2007, terminating his parental rights. Ms. Lundeen-Gaddy now submits Appellant's signature with the motion and admits fault for failing to have Appellant sign the notice of appeal as required by our new rules for dependency-neglect appellate procedures. For these reasons, we treat Appellant's motion for rule on clerk as a motion for belated appeal. We grant Appellant's motion.

We clarified our treatment of motions for rule on clerk and motions for belated appeal in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There, we said:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.* at 116, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.* However, where a motion seeking relief from failure to perfect an appeal is filed and it is not plain from the motion, affidavits, and record whether there is attorney error, the clerk of this court will be ordered to accept the notice of appeal or record, and the appeal will proceed without delay. *See id.* At that time, the matter of attorney error will be remanded to the trial court to make findings of fact. *See id.* Upon receipt of the findings by this court, it will render a decision on attorney error. *See id.*

Further, while the instant case is not a criminal case, we have afforded indigent parents appealing from a termination of parental rights similar protections as those afforded indigent criminal defendants. *See, e.g., Flannery v. Ark. Dep't of Health & Human Servs.*, 368 Ark. 31, 242 S.W.3d 619 (2006) (per curiam).

In this case, it is plain from the instant motion that there was error on the part of Ms. Lundeen-Gaddy. The language of Ark. Sup. Ct. R. 6-9(b)(2)(D) is clear:

> The notice of appeal and designation of the record shall be signed by the appellant, if an adult, and appellant's counsel. The notice shall set forth the party or parties initiating the appeal, the address of the party or parties, and specify the order from which the appeal is taken.

*Id.* Because Appellant's notice of appeal lacked his signature, it was deficient. Pursuant to *McDonald, supra*, we grant Appellant's motion for belated appeal. A complete record should be filed with our clerk within thirty days from the date of this per curiam order. At that time, a briefing schedule will be set. *See Miller v. State*, 367 Ark. 187, 238 S.W.3d 608 (2006).

Additionally, Linda Scribner, the court-appointed attorney ad litem, and Keith L. Chrestman, a qualified part-time attorney ad litem, filed a joint motion for substitution of appellate counsel to allow Ms. Scribner to withdraw as counsel and to appoint Mr. Chrestman as the attorney ad litem on appeal. Pursuant to Rule 6-10 of the Arkansas Supreme Court Rules, "[a]fter the notice of the appeal has been filed with the Circuit Clerk, the appellate court shall have exclusive jurisdiction to relieve counsel and appoint new counsel." Thus, we grant the motion to substitute Mr. Chrestman as the attorney ad litem in this case.

Motions granted.

GLAZE, J., would refer the matter to the Committee on Professional Conduct.