TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00182-CR







Jose Gudiel-Brenes aka Christian Palacios, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. D-1-DC-07-300971, HONORABLE BOB PERKINS, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant Jose Gudiel-Brenes guilty of capital murder. See Tex. Penal
Code Ann. § 19.03(a)(2) (West Supp. 2009). The State did not seek the death penalty, and the trial
court assessed punishment at life imprisonment. See id. § 12.31(a). In a single issue, appellant
contends that the trial court reversibly erred by overruling his motion for new trial without
conducting an evidentiary hearing. We overrule this contention and affirm the conviction.

Eighteen-year-old Gamaliel Jimenez-Bohorquez was fatally shot during a robbery on
the night of April 21, 2007. Gamaliel's father, Guillermo Jimenez-Hernandez, testified that he and
his son were walking home just after 10:00 p.m. when they were accosted by two men. One of the
men pointed a black pistol at Guillermo's head and demanded money. Guillermo gave the man
$105. The man then pointed the pistol at Gamaliel and demanded money. Gamaliel dropped
$1000 on the ground. The man then shot Gamaliel and, after gathering up the money, the
two assailants ran from the scene. 

Guillermo first told the police that the two robbers were black, but he changed his
statement and said that the man with the pistol was black and the second man was Hispanic. He said
that he noticed a white car near the scene of the robbery, but he did not see if the robbers got into it
as they fled.

Niesha Mackey spoke to the police at the scene of the shooting and testified at
appellant's trial. Mackey said that she noticed a group of Hispanic men "fighting and kicking." She
testified that the men "scattered" when she approached them in her car, and she called 911. Mackey
said that she noticed a burgundy or maroon car at the scene, but she did not see any of the men get
into it. She also testified that as she was calling the police, a white truck or SUV drove past her at
a high rate of speed. 

Juan Manuel Irias contacted the police a few days after the murder. He initially
claimed to have been a witness, but he later admitted participating in the crime. Testifying under
a grant of immunity, Irias said that he, appellant, and a woman were driving around in appellant's
red Dodge looking for someone to rob when they spotted the Jimenezes. According to Irias,
appellant armed himself with a pistol that he took from under the car seat. Irias testified that it was
appellant who brandished the pistol and demanded money, and it was appellant who fired the
fatal shot.

A .38 caliber bullet was recovered from Gamaliel's body. Although the murder
weapon was never recovered, there was evidence that appellant owned an unusual .38 caliber
revolver at the time of the murder. Appellant's former employer, Oady Lee Spencer, testified that
appellant had often shown him a black .38 revolver with a pin through the barrel to prevent it from
being fired. Spencer said that the last time he saw this pistol was around April 15, 2007. At that
time, the pin had been removed, leaving holes in the barrel. When Spencer remarked that it would
be dangerous to fire the weapon, appellant told him that the pistol "would work." Appellant's
former roommate, Rolando Orellana-Gaytan, testified that on April 22, 2007, appellant told him that
he had committed a murder with two other people. Orellana also testified that he had seen
appellant's black .38 revolver and was with appellant when he sold the revolver to Pedro Carballo. 
Carballo testified that he purchased a black .38 revolver from appellant. He said that he did not
notice the two holes in the barrel until he fired the pistol a few days later and "lead came out and it
fell on my arm and it scared me." Carballo said that he left the pistol under a trailer, but the pistol
was not there when he took police officers to the location.

A police crime scene specialist testified that Gamaliel's shirt had a large bullet hole
and a smaller hole that might have been caused by a bullet fragment. A police firearms examiner
testified that .38 caliber bullets found in appellant's residence were consistent with the bullet
recovered from Gamaliel's body. This witness also testified that the bullet recovered from the body
had defects that were consistent with it being fired from a pistol with holes in the barrel of the sort
described by the other witnesses.

Appellant's trial counsel vigorously cross-examined the State's witnesses to
highlight the inconsistencies in their testimony. Counsel also stressed the State's reliance on Irias's
self-serving testimony. The defense rested without calling any witnesses.

Sentence was imposed in open court on March 12, 2009. Trial counsel filed a notice
of appeal on March 20. (1) On April 16, appellant's pro se "affidavit of fact/inmate's declaration and
motion for new trial" was filed by the district clerk. In this document, which was supported by a
declaration under penalty of perjury dated April 6, 2009, appellant alleged that his trial counsel
provided ineffective assistance because "he failed to conduct an adequate investigation of the facts
and potential witnesses in the case, specifically, defendant requested [counsel] to contact and
subpoena several witnesses who could have testified on his behalf during the guilt-innocence and
punishment phases of trial." As it appears in the clerk's record, the face of the motion bears an
undated written notation signed by the trial court: "This is a nullity. This is filed too late. Deadline
was 4/13." (2) The court took no other action on the motion. Appellant contends that the motion for
new trial was timely and that an evidentiary hearing on the motion was required. 

Appellant bases his contention that the motion was timely on the assumption that the
trial court's written notation was made before the motion was filed by the district clerk. Based on
this assumption, appellant argues that "it is reasonable to believe" that the court acted no later than
April 15, that the clerk received the motion no later than April 14, and that appellant deposited the
motion in the mail no later than April 13. This would make the motion timely under the mailbox
rule. See Tex. R. App. P. 9.2(b).

Alternatively, appellant urges that we should be guided by the opinion in Warner
v. Glass, 135 S.W.3d 681 (Tex. 2004). In that case, the supreme court held that a pro se inmate's
civil petition that is placed in a properly addressed and stamped envelope or wrapper is deemed filed
at the moment prison authorities receive the document for mailing. Id. at 682; see Tex. R. Civ. P. 5. 
In Warner, the date of the postmark was not reflected in the record, but the inmate's petition was
received and filed by the clerk six days after the deadline. 135 S.W.3d at 683. The supreme court
reversed the judgment dismissing the petition as untimely and remanded the cause to the trial court
for a finding as to the date the petition was placed in the prison mail system. Id. at 686.

The State replies that the trial court obviously acted on appellant's pro se motion for
new trial after it was filed by the clerk on April 16, noting that the court circled the date of the clerk's
file mark. Using appellant's own calculations, the State argues that appellant could have deposited
the motion in the mail as late as April 14. More substantially, the State argues that the only pertinent
fact established by the record is the date the motion was filed by the clerk and that it is pure
speculation for appellant to assert that he complied with the mailbox rule. The State further argues
that, unlike the inmate in Warner, appellant has never alleged that he timely deposited his motion
for new trial in the prison mail system. See id. at 683.

We need not decide whether appellant's pro se motion for new trial was timely (or
abate the appeal for a finding on this issue) because, even if the motion was timely, the trial court
did not abuse its discretion by failing to conduct a hearing. First, appellant was represented by
counsel when the motion was filed, and a trial court may disregard any pro se motion presented by
a defendant who is represented by counsel. Robinson v. State, 240 S.W.3d 99, 922-23 (Tex. Crim.
App. 2007). Second, the bare assertions in appellant's motion were not sufficient to entitle him to
a hearing. A trial court must conduct a hearing on a motion for new trial if the motion and
accompanying affidavits raise matters not determinable from the record that would entitle the
defendant to relief. Wallace v. State, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003); Reyes v. State,
849 S.W.2d 812, 816 (Tex. Crim. App. 1993). Although the pleadings need not establish a prima
facie case for a new trial, they must show that reasonable grounds exist for holding that relief could
be granted. Wallace, 106 S.W.3d at 108; Reyes, 849 S.W.2d at 816. To obtain a hearing on a
motion for new trial alleging ineffective counsel, the defendant must allege facts from which the trial
court could reasonably conclude both that counsel failed to act as a reasonably competent attorney
and that, but for counsel's failure, there is a reasonable likelihood that the outcome of the trial would
have been different. Smith v. State, 286 S.W.3d 333, 340-41 (Tex. Crim. App. 2009). In his pro se
motion, appellant asserted that his trial counsel did not adequately investigate the case, but he did
not allege what further investigation counsel should have conducted. Appellant asserted that counsel
failed to subpoena witnesses, but he did not name the witnesses or explain how their testimony
would have benefitted his defense. Similar allegations have been held insufficient to require a
hearing on a motion for new trial. See King v. State, 29 S.W.3d 556, 569 (Tex. Crim. App. 2000). 
For both of these reasons, we hold that the trial court did not abuse its discretion by failing to
conduct a hearing on appellant's pro se motion for new trial.


The judgment of conviction is affirmed.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed: March 26, 2010

Do Not Publish
1. Trial counsel moved to withdraw on May 5. The order was granted the day it was filed, and
appellate counsel was appointed on May 6.
2. The deadline for filing the motion for new trial was Monday, April 13, 2009. See Tex. R. App.
P. 4.1(a), 21.4(a).